IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BRIAN GILLESPIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-_____ |
| ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, ) | |
| UNKNOWN AND UNNAMED WARDEN OF THE ) | |
| LOGAN CORRECTIONAL CENTER, in his ) | Plaintiff Demands Trial By Jury |
| Official and Individual Capacity, and UNKNOWN ) | |
| and UNNAMED OFFICIALS AT THE LOGAN ) | |
| CORRECTIONAL CENTER, in their Official and ) | |
| Individual Capacity, ) | |
| ) | |
| Defendants. ) | |

CIVIL COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, and complaining of the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, in his Official and Individual Capacity, and UNKNOWN AND UNNAMED OFFICIALS AT THE LOGAN CORRECTIONAL CENTER, in their Official and Individual Capacity, hereby states as follows:

PARTIES TO THIS CAUSE OF ACTION

1.     Plaintiff is BRIAN GILLESPIE, who was born XX/XX/1982, and is a citizen of the United States of America and currently a resident of Danville, Vermilion County, Illinois.

2.     Defendants are the ILLINOIS DEPARTMENT OF CORRECTIONS, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, in his Official and Individual Capacity, and UNKNOWN AND UNNAMED OFFICIALS AT THE LOGAN CORRECTIONAL CENTER, in their Official and Individual Capacity.

3. That at all times stated herein, the Plaintiff, BRIAN GILLESPIE, was an inmate at the LOGAN CORRECTIONAL CENTER, inmate number R-07117, and was under the control of the Defendants within the meaning of Section 1983 of the Civil Rights Act of 1964, as amended (42 U.S.C. §1983).

## JURISDICTION AND VENUE

4. This Honorable Court has jurisdiction of this above-entitled cause of action pursuant to Section 1983 of the Civil Rights Act of 1964, as amended (42 U.S.C. §1983), et. seq pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1391(b).

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action arises under Section 1983 of the Civil Rights Act of 1964 as amended (42 U.S.C. §1983). This Court has "Federal Question" jurisdiction to secure the protection of, and redress the deprivation of Plaintiff BRIAN GILLESPIE's rights as guaranteed by the law of the United States of America and the Constitution of the United States of America, including the award for damages against Defendants for intentionally committing acts which deprived the Plaintiff, BRIAN GILLESPIE, of equal protection and due process of the law of the United States of America.

## STATEMENT OF FACTS

6. Prior to August 31, 2001, Plaintiff, BRIAN GILLESPIE, was diagnosed with foot problems for which he was prescribed orthotic devices by prescription of August 31, 2001. These orthotics were designed to alleviate his pain and prevent further deterioration to his podiatric condition. The diagnosis and prescription are evidence of the seriousness of Plaintiff BRIAN GILLESPIE's condition.

7. From September 20, 2001 to November 3, 2004, Plaintiff, BRIAN GILLESPIE, was incarcerated within the prison system of the ILLINOIS DEPARTMENT OF CORRECTIONS, specifically at the LOGAN CORRECTIONAL CENTER.

8. During this period, Plaintiff, BRIAN GILLESPIE, was continuously denied access to his prescription orthotics by repeated denials of his requests to fill the prescription by Officials at the LOGAN CORRECTIONAL CENTER.

9. The denial of his prescription orthotics caused Plaintiff, BRIAN GILLESPIE, to experience intense physical pain and discomfort during the period of his incarceration.

10. In addition to the pain and suffering Plaintiff, BRIAN GILLESPIE, experienced while incarcerated, Plaintiff, BRIAN GILLESPIE, has suffered permanent damage to his feet due to the Defendants' persistent denial to him of his prescription orthotics.

## COUNT I – VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT WARDEN OF THE LOGAN CORRECTIONAL CENTER IN HIS INDIVIDUAL CAPACITY

11. The Plaintiff, BRIAN GILLESPIE, repeats and realleges all allegations of Paragraphs 6-10.

12. Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, knew of the seriousness of Plaintiff BRIAN GILLESPIE's medical condition.

13. The aforesaid Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, was informed of Plaintiff BRIAN GILLESPIE's condition, and the prison staff at the LOGAN CORRECTIONAL CENTER, including the Defendant WARDEN, failed, despite repeated requests, to furnish Plaintiff with the prescription orthotics he needed to relieve his pain and suffering and prevent further long term injury to his person.

14. Despite the seriousness of Plaintiff BRIAN GILLESPIE's condition, the Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL

CENTER, exhibited deliberate indifference to Plaintiff BRIAN GILLESPIE's medical need for said orthotics and for his pain and suffering.

15. At all times herein, Plaintiff, BRIAN GILLESPIE, was protected by the Eighth Amendment and Fourteenth Amendment to the United States Constitution, and therefore protected from cruel and unusual punishment and equal protection and due process of the law.

16. The actions of the Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, constitute a deliberate violation of Plaintiff BRIAN GILLESPIE's civil rights in providing Plaintiff, BRIAN GILLESPIE, with appropriate orthopedic footwear or providing him with appropriate medical care.

WHEREFORE, Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, demands trial by jury on Count I and respectfully prays for the following relief:

A. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, in his Individual Capacity, for compensatory damages in an amount determined by the jury that will fairly compensate the Plaintiff, BRIAN GILLESPIE, for the pain and suffering he endured while incarcerated, and also for the permanent damage he suffered as a result of said conduct.

B. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, in his Individual Capacity, for punitive damages in an amount determined by the jury that will be sufficient to deter the recurrence of similar future conduct toward incarcerated persons.

C. For an award to Plaintiff, BRIAN GILLESPIE, of all costs incurred in prosecuting this action, including reasonable attorney's fees.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN.

COUNT II – VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT UNKNOWN
AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER
IN HIS OFFICIAL CAPACITY

17.  The Plaintiff, BRIAN GILLESPIE, repeats and realleges all allegations of Paragraphs 6-10.

18.  Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, knew of the seriousness of Plaintiff BRIAN GILLESPIE's medical condition.

19.  Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, was informed of Plaintiff BRIAN GILLESPIE's condition, and the prison staff at the LOGAN CORRECTIONAL CENTER failed, despite repeated requests, to furnish Plaintiff with the prescription orthotics he needed to relieve his pain and suffering and prevent further long term injury to his person.

20.  Despite the seriousness of Plaintiff BRIAN GILLESPIE's condition, Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, exhibited deliberate indifference to Plaintiff's pain and suffering.

21.  At all times herein, Plaintiff, BRIAN GILLESPIE, was protected by the Eighth Amendment and Fourteenth Amendment to the United States Constitution, and therefore protected from cruel and unusual punishment and equal protection and due process of the law.

22.  The actions of the Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, constitute a deliberate violation of Plaintiff BRIAN GILLESPIE's civil rights in providing Plaintiff, BRIAN GILLESPIE, with appropriate orthopedic footwear or providing him with appropriate medical care.

WHEREFORE, Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, demands trial by jury on Count II and respectfully prays for the following relief:

A.  Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, in his

Official Capacity, for compensatory damages in an amount determined by the jury that will fairly compensate the Plaintiff, BRIAN GILLESPIE, for the pain and suffering he endured while incarcerated, and also for the permanent damage he suffered as a result of said conduct.

  B. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, UNKNOWN AND UNNAMED WARDEN OF THE LOGAN CORRECTIONAL CENTER, in his Official Capacity, for punitive damages in an amount determined by the jury that will be sufficient to deter the recurrence of similar future conduct toward incarcerated persons.

  C. For an award to Plaintiff, BRIAN GILLESPIE, of all costs incurred in prosecuting this action, including reasonable attorney's fees.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN.

COUNT III – VIOLATION OF 42 U.S.C. §1983 BY DEFENDANTS UNKNOWN AND UNNAMED OFFICIALS AT THE LOGAN CORRECTIONAL CENTER IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY

  23. The Plaintiff, BRIAN GILLESPIE, repeats and realleges all allegations of Paragraphs 6-10.

  24. Defendants, UNKNOWN AND UNNAMED OFFICIALS AT THE LOGAN CORRECTIONAL CENTER, knew of the seriousness of Plaintiff BRIAN GILLESPIE's medical condition, and were aware of the Plaintiff BRIAN GILLESPIE's medical prescription for orthotics.

  25. Defendants, UNKNOWN AND UNNAMED OFFICIALS AT THE LOGAN CORRECTIONAL CENTER, were informed of Plaintiff BRIAN GILLESPIE's condition, yet failed to present him with his required orthopedic footwear or providing him with appropriate medical care.

  26. Despite the seriousness of Plaintiff BRIAN GILLESPIE's condition, Defendants, UNKNOWN AND UNNAMED OFFICIALS AT THE LOGAN CORRECTIONAL CENTER, exhibited deliberate indifference to Plaintiff BRIAN GILLESPIE's pain and suffering.

27. At all times herein, Plaintiff, BRIAN GILLESPIE, was protected by the Eighth Amendment and Fourteenth Amendment to the United States Constitution, and therefore protected from cruel and unusual punishment and equal protection and due process of the law.

28. The actions of Defendants, UNKNOWN AND UNNAMED OFFICIALS AT THE LOGAN CORRECTIONAL CENTER, constitute a deliberate violation of Plaintiff BRIAN GILLESPIE's civil rights.

WHEREFORE, Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, demands trial by jury on Count III and respectfully prays for the following relief:

A. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendants, UNKNOWN AND UNNAMED OFFICIALS AT THE LOGAN CORRECTIONAL CENTER, for compensatory damages in an amount determined by the jury that will fairly compensate the Plaintiff, BRIAN GILLESPIE, for the pain and suffering he endured while incarcerated, and also for the permanent damage he suffered as a result of said conduct.

B. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendants, UNKNOWN AND UNNAMED OFFICIALS AT THE LOGAN CORRECTIONAL CENTER, for punitive damages in an amount determined by the jury that will be sufficient to deter the recurrence of similar future conduct toward incarcerated persons.

C. For an award to Plaintiff, BRIAN GILLESPIE, of all costs incurred in prosecuting this action, including reasonable attorney's fees.

COUNT IV - VIOLATION OF 42 U.S.C. §1983 BY THE ILLINOIS DEPARTMENT OF CORRECTIONS

29, The Plaintiff, BRIAN GILLESPIE, repeats and realleges all allegations of Paragraphs 6-10.

30. Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, knew of the seriousness of Plaintiff BRIAN GILLESPIE's medical condition.

31. Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, was informed of Plaintiff BRIAN GILLESPIE's condition, and the prison staff at the LOGAN CORRECTIONAL CENTER, namely the Defendants, UNKNOWN AND UNNAMED OFFICIALS and UNKNOWN AND UNNAMED WARDEN thereof, failed, despite repeated requests, to furnish Plaintiff with the prescription orthotics he needed to relieve his pain and suffering and prevent further long term injury to his person.

32. Despite the seriousness of Plaintiff BRIAN GILLESPIE's condition, Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, exhibited deliberate indifference to Plaintiff BRIAN GILLESPIE's pain and suffering.

33. At all times herein, Plaintiff, BRIAN GILLESPIE, was protected by the Eighth Amendment and Fourteenth Amendment to the United States Constitution, and therefore protected from cruel and unusual punishment and equal protection and due process of the law.

34. The actions of the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, constitute a deliberate violation of Plaintiff BRIAN GILLESPIE's civil rights in providing Plaintiff, BRIAN GILLESPIE, with appropriate orthopedic footwear or providing him with appropriate medical care.

WHEREFORE, Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, demands trial by jury on Count IV and respectfully prays for the following relief:

A. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, for compensatory damages in an amount determined by the jury that will fairly compensate the Plaintiff, BRIAN GILLESPIE, for the pain and suffering he endured while incarcerated, and also for the permanent damage he suffered as a result of said conduct.

  B. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, for punitive damages in an amount determined by the jury that will be sufficient to deter the recurrence of similar future conduct toward incarcerated persons.

  C. For an award to Plaintiff, BRIAN GILLESPIE, of all costs incurred in prosecuting this action, including reasonable attorney's fees.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN

DATED: November 2, 2005  Respectfully submitted,

    BY: s/Marvin Gerstein
      Marvin Gerstein Bar Number: 0942162
      Attorney for Plaintiff
      Marvin Gerstein Attorney at Law
      803 South Grove Street
      Urbana, Illinois 61801
      Telephone: 217/367-8734
      Email: MiraG60@aol.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
BRIAN GILLESPIE

### DEFENDANTS
ILLINOIS DEPARTMENT OF CORRECTIONS, et al

(b) County of Residence of First Listed Plaintiff  **VERMILION**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **SANGAMON**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
MARVIN GERSTEIN, ATTORNEY AT LAW,
803 SOUTH GROVE STREET, URBANA, IL 61801  217/367-8734

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
[X] 3 Federal Question (U.S. Government Not a Party)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

### IV. NATURE OF SUIT (Place an "X" in One Box Only)
[X] 440 Other Civil Rights

### V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 1983
Brief description of cause:
FAILURE TO PROVIDE ORTHOTICS BY PRESCRIPTION - CASE NO. 05-CV-2248

### VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY

DATE: 11/02/2005

SIGNATURE OF ATTORNEY OF RECORD
s/MARVIN GERSTEIN

FOR OFFICE USE ONLY