IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| BRIAN GILLESPIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 05-CV-2248 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) | |
| UNKNOWN AND UNNAMED WARDEN OF THE | ) | |
| LOGAN CORRECTIONAL CENTER, in his | ) | |
| Official and Individual Capacity, and UNKNOWN | ) | |
| and UNNAMED OFFICIALS AT THE LOGAN | ) | |
| CORRECTIONAL CENTER, in their Official and | ) | |
| Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE FIRST AMENDED CIVIL COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, and for his Motion for Leave to File First Amended Civil Complaint at Law, states as follows:

1.  On or about October 30, 2005, the Plaintiff, BRIAN GILLESPIE, retained the undersigned attorney to represent him with respect to the above-entitled cause of action.

2.  On or about October 30, 2005, the undersigned attorney lacked knowledge of the specific individuals to be named as the defendants as the documents provided failed to have legible signatures.

3.  Because time was of the essence in getting the above-entitled cause of action on file prior to the expiration of the Statute of Limitations, the undersigned attorney filed the Civil Complaint at Law on behalf of the Plaintiff, BRIAN GILLESPIE, naming the ILLINOIS DEPARTMENT OF CORRECTIONS as Defendant in order to determine the names and identities of the true defendants to be sued and served with respect to the above-entitled cause of action.

4. Since the filing of the above-entitled cause of action and its service upon the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, discussions with Assistant Attorney General Jason Young have invaluably assisted the undersigned attorney in identifying the appropriate defendants to be named as defendants with respect to the above-entitled cause of action.

5. As a result the undersigned attorney, on behalf of the Plaintiff, BRIAN GILLESPIE, drafted his First Amended Civil Complaint at Law for filing in the above-entitled cause of action, copy of which is attached hereto.

WHEREFORE, the Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, moves this Honorable Court for such Order of this Honorable Court granting the Plaintiff, BRIAN GILLESPIE, leave to file his First Amended Civil Complaint at Law.

DATED:      March 1, 2006            Respectfully submitted,

                                    BY:    s/Marvin Gerstein
                                           Marvin Gerstein Bar Number:  0942162
                                           Attorney for Plaintiff
                                           Marvin Gerstein Attorney at Law
                                           803 South Grove Street
                                           Urbana, Illinois  61801
                                           Telephone:  217/367-8734
                                           Email:  MiraG60@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BRIAN GILLESPIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 05-CV-2248 |
| ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, ) | |
| UNKNOWN AND UNNAMED WARDEN OF THE ) | |
| LOGAN CORRECTIONAL CENTER, in his ) | |
| Official and Individual Capacity, and UNKNOWN ) | |
| and UNNAMED OFFICIALS AT THE LOGAN ) | |
| CORRECTIONAL CENTER, in their Official and ) | |
| Individual Capacity, ) | |
| ) | |
| Defendants. ) | |

CERTIFICATE OF SERVICE

I, the undersigned, certify that on March 1, 2006 a copy of the foregoing Motion for Leave to File First Amended Civil Complaint at Law was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Jason Young
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706

I, the undersigned, certify that on March 1, 2006 a copy of the foregoing Motion for Leave to File First Amended Civil Complaint at Law was served upon the parties named herein by enclosing said document in an envelope with postage fully pre-paid, and by depositing said envelope in the U. S. Mail in Urbana, Illinois addressed to:

Mr. Jason Young
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
.

BY:   s/Marvin Gerstein
Marvin Gerstein Bar Number:  0942162
Attorney for Plaintiff
Marvin Gerstein Attorney at Law
803 South Grove Street
Urbana, Illinois  61801
Telephone:  217/367-8734
Email:  MiraG60@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BRIAN GILLESPIE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-CV-2248 |
| JAMES G. COX, in his Official and Individual Capacity, MAJOR ROSE, in his Official and Individual Capacity and UNKNOWN and UNNAMED OFFICIALS at the LOGAN CORRECTIONAL CENTER, in their Official and Individual Capacity, | ) ) ) Plaintiff Demands Trial By Jury ) ) |
| Defendants. | ) |

FIRST AMENDED CIVIL COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, and complaining of the Defendants, JAMES G. COX, in his Official and Individual Capacity, MAJOR ROSE, in his Official and Individual Capacity, and UNKNOWN and UNNAMED OFFICIALS at the LOGAN CORRECTIONAL CENTER, in their Official and Individual Capacity, hereby states as follows:

PARTIES TO THIS CAUSE OF ACTION

1. Plaintiff is BRIAN GILLESPIE, who was born July 13, 1982, and is a citizen of the United States of America and currently a resident of Danville, Vermilion County, Illinois.

2. Defendants are JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, in his Official and Individual Capacity, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, in his Official and Individual Capacity, and UNKNOWN and UNNAMED OFFICIALS at the LOGAN CORRECTIONAL CENTER, in their Official and Individual Capacity.

3. That at all times stated herein, the Plaintiff, BRIAN GILLESPIE, was an inmate at the LOGAN CORRECTIONAL CENTER, inmate number R-07117, and was under the control of

the Defendants within the meaning of Section 1983 of the Civil Rights Act of 1964, as amended (42 U.S.C. §1983).

## JURISDICTION AND VENUE

4. This Honorable Court has jurisdiction of this above-entitled cause of action pursuant to Section 1983 of the Civil Rights Act of 1964, as amended (42 U.S.C. §1983), et. seq pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1391(b).

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action arises under Section 1983 of the Civil Rights Act of 1964 as amended (42 U.S.C. §1983). This Court has "Federal Question" jurisdiction to secure the protection of, and redress the deprivation of Plaintiff BRIAN GILLESPIE's rights as guaranteed by the law of the United States of America and the Constitution of the United States of America, including the award for damages against Defendants for intentionally committing acts which deprived the Plaintiff, BRIAN GILLESPIE, of equal protection and due process of the law of the United States of America.

## STATEMENT OF FACTS

6. Prior to August 31, 2001, Plaintiff, BRIAN GILLESPIE, was diagnosed with foot problems for which he was prescribed orthotic devices by prescription of August 31, 2001. These orthotics were designed to alleviate his pain and prevent further deterioration to his podiatric condition. The diagnosis and prescription are evidence of the seriousness of Plaintiff BRIAN GILLESPIE's condition.

7. From September 20, 2001 to November 3, 2004, Plaintiff, BRIAN GILLESPIE, was incarcerated within the prison system of the ILLINOIS DEPARTMENT of CORRECTIONS, specifically at the LOGAN CORRECTIONAL CENTER.

8. During this period, Plaintiff, BRIAN GILLESPIE, was continuously denied access to his prescription orthotics by repeated denials of his requests to fill the prescription by Officials at the LOGAN CORRECTIONAL CENTER.

9. The denial of his prescription orthotics caused Plaintiff, BRIAN GILLESPIE, to experience intense physical pain and discomfort during the period of his incarceration.

10. In addition to the pain and suffering Plaintiff, BRIAN GILLESPIE, experienced while incarcerated, Plaintiff, BRIAN GILLESPIE, has suffered permanent damage to his feet due to the Defendants' persistent denial to him of his prescription orthotics.

### COUNT I – VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT JAMES G. COX, FORMERLY THE WARDEN OF THE LOGAN CORRECTIONAL CENTER IN HIS INDIVIDUAL CAPACITY

11. The Plaintiff, BRIAN GILLESPIE, repeats and realleges all allegations of Paragraphs 6-10.

12. Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, knew of the seriousness of Plaintiff BRIAN GILLESPIE's medical condition.

13. The aforesaid Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, was informed of Plaintiff BRIAN GILLESPIE's condition, and the prison staff at the LOGAN CORRECTIONAL CENTER, including the Defendant JAMES G. COX, failed, despite repeated requests, to furnish Plaintiff BRIAN GILLESPIE with the prescription orthotics he needed to relieve his pain and suffering and prevent further long term injury to his person.

14. Despite the seriousness of Plaintiff BRIAN GILLESPIE's condition, the Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, exhibited deliberate indifference to Plaintiff BRIAN GILLESPIE's medical need for said orthotics and for his pain and suffering.

15. At all times herein, Plaintiff, BRIAN GILLESPIE, was protected by the Eighth Amendment and Fourteenth Amendment to the United States Constitution, and therefore protected from cruel and unusual punishment and equal protection and due process of the law.

16. The actions of the Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, constitute a deliberate violation of Plaintiff BRIAN GILLESPIE's civil rights in providing Plaintiff, BRIAN GILLESPIE, with appropriate orthopedic footwear or providing him with appropriate medical care.

WHEREFORE, Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, demands trial by jury on Count I and respectfully prays for the following relief:

A. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, in his Individual Capacity, for compensatory damages in an amount determined by the jury that will fairly compensate the Plaintiff, BRIAN GILLESPIE, for the pain and suffering he endured while incarcerated, and also for the permanent damage he suffered as a result of said conduct.

B. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, in his Individual Capacity, for punitive damages in an amount determined by the jury that will be sufficient to deter the recurrence of similar future conduct toward incarcerated persons.

C. For an award to Plaintiff, BRIAN GILLESPIE, of all costs incurred in prosecuting this action, including reasonable attorney's fees.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN.

COUNT II – VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT JAMES G. COX, FORMERLY THE WARDEN OF THE LOGAN CORRECTIONAL CENTER IN HIS OFFICIAL CAPACITY

17. The Plaintiff, BRIAN GILLESPIE, repeats and realleges all allegations of Paragraphs 6-10.

18. Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, knew of the seriousness of Plaintiff BRIAN GILLESPIE's medical condition.

19. Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, was informed of Plaintiff BRIAN GILLESPIE's condition, and the prison staff at the LOGAN CORRECTIONAL CENTER failed, despite repeated requests, to furnish Plaintiff BRIAN GILLESPIE with the prescription orthotics he needed to relieve his pain and suffering and prevent further long term injury to his person.

20. Despite the seriousness of Plaintiff BRIAN GILLESPIE's condition, Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, exhibited deliberate indifference to Plaintiff BRIAN GILLESPIE's pain and suffering.

21. At all times herein, Plaintiff, BRIAN GILLESPIE, was protected by the Eighth Amendment and Fourteenth Amendment to the United States Constitution, and therefore protected from cruel and unusual punishment and equal protection and due process of the law.

22. The actions of the Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, constitute a deliberate violation of Plaintiff BRIAN GILLESPIE's civil rights in providing Plaintiff, BRIAN GILLESPIE, with appropriate orthopedic footwear or providing him with appropriate medical care.

WHEREFORE, Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, demands trial by jury on Count II and respectfully prays for the following relief:

  A. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, in his Official Capacity, for compensatory damages in an amount determined by the jury that will fairly compensate the Plaintiff, BRIAN GILLESPIE, for the pain and suffering he endured while incarcerated, and also for the permanent damage he suffered as a result of said conduct.

      B.    Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, JAMES G. COX, formerly the Warden of the LOGAN CORRECTIONAL CENTER, in his Official Capacity, for punitive damages in an amount determined by the jury that will be sufficient to deter the recurrence of similar future conduct toward incarcerated persons.

      C.    For an award to Plaintiff, BRIAN GILLESPIE, of all costs incurred in prosecuting this action, including reasonable attorney's fees.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN.

### COUNT III – VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT MAJOR ROSE, FORMERLY THE SECURITY OFFICER OF THE LOGAN CORRECTIONAL CENTER IN HIS INDIVIDUAL CAPACITY

23.    The Plaintiff, BRIAN GILLESPIE, repeats and realleges all allegations of Paragraphs 6-10.

24.    Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, knew of the seriousness of Plaintiff BRIAN GILLESPIE's medical condition.

25.    The aforesaid Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, was informed of Plaintiff BRIAN GILLESPIE's condition, and the prison staff at the LOGAN CORRECTIONAL CENTER, including the Defendant MAJOR ROSE, failed, despite repeated requests, to furnish Plaintiff BRIAN GILLESPIE with the prescription orthotics he needed to relieve his pain and suffering and prevent further long term injury to his person.

26.    Despite the seriousness of Plaintiff BRIAN GILLESPIE's condition, the Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, exhibited deliberate indifference to Plaintiff BRIAN GILLESPIE's medical need for said orthotics and for his pain and suffering.

27.    At all times herein, Plaintiff, BRIAN GILLESPIE, was protected by the Eighth Amendment and Fourteenth Amendment to the United States Constitution, and therefore protected from cruel and unusual punishment and equal protection and due process of the law.

28.    The actions of the Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, constitute a deliberate violation of Plaintiff BRIAN GILLESPIE's civil rights in providing Plaintiff, BRIAN GILLESPIE, with appropriate orthopedic footwear or providing him with appropriate medical care.

WHEREFORE, Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, demands trial by jury on Count III and respectfully prays for the following relief:

A.    Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, in his Individual Capacity, for compensatory damages in an amount determined by the jury that will fairly compensate the Plaintiff, BRIAN GILLESPIE, for the pain and suffering he endured while incarcerated, and also for the permanent damage he suffered as a result of said conduct.

B.    Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, in his Individual Capacity, for punitive damages in an amount determined by the jury that will be sufficient to deter the recurrence of similar future conduct toward incarcerated persons.

C.    For an award to Plaintiff, BRIAN GILLESPIE, of all costs incurred in prosecuting this action, including reasonable attorney's fees.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN.

COUNT IV – VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT MAJOR ROSE, FORMERLY THE SECURITY OFFICER OF THE LOGAN CORRECTIONAL CENTER IN HIS OFFICIAL CAPACITY

29.    The Plaintiff, BRIAN GILLESPIE, repeats and realleges all allegations of Paragraphs 6-10.

30. Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, knew of the seriousness of Plaintiff BRIAN GILLESPIE's medical condition.

31. Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, was informed of Plaintiff BRIAN GILLESPIE's condition, and the prison staff at the LOGAN CORRECTIONAL CENTER failed, despite repeated requests, to furnish Plaintiff BRIAN GILLESPIE with the prescription orthotics he needed to relieve his pain and suffering and prevent further long term injury to his person.

32. Despite the seriousness of Plaintiff BRIAN GILLESPIE's condition, Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, exhibited deliberate indifference to Plaintiff BRIAN GILLESPIE's pain and suffering.

33. At all times herein, Plaintiff, BRIAN GILLESPIE, was protected by the Eighth Amendment and Fourteenth Amendment to the United States Constitution, and therefore protected from cruel and unusual punishment and equal protection and due process of the law.

34. The actions of the Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, constitute a deliberate violation of Plaintiff BRIAN GILLESPIE's civil rights in providing Plaintiff, BRIAN GILLESPIE, with appropriate orthopedic footwear or providing him with appropriate medical care.

WHEREFORE, Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, demands trial by jury on Count IV and respectfully prays for the following relief:

  A. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, in his Official Capacity, for compensatory damages in an amount determined by the jury that will fairly compensate the Plaintiff, BRIAN GILLESPIE, for the pain and suffering he endured while incarcerated, and also for the permanent damage he suffered as a result of said conduct.

B. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendant, MAJOR ROSE, formerly the Security Officer of the LOGAN CORRECTIONAL CENTER, in his Official Capacity, for punitive damages in an amount determined by the jury that will be sufficient to deter the recurrence of similar future conduct toward incarcerated persons.

C. For an award to Plaintiff, BRIAN GILLESPIE, of all costs incurred in prosecuting this action, including reasonable attorney's fees.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN.

COUNT V – VIOLATION OF 42 U.S.C. §1983 BY DEFENDANTS UNKNOWN
AND UNNAMED OFFICIALS AT THE LOGAN CORRECTIONAL CENTER IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITY

35. The Plaintiff, BRIAN GILLESPIE, repeats and realleges all allegations of Paragraphs 6-10.

36. Defendants, UNKNOWN and UNNAMED OFFICIALS at the LOGAN CORRECTIONAL CENTER, knew of the seriousness of Plaintiff BRIAN GILLESPIE's medical condition, and were aware of the Plaintiff BRIAN GILLESPIE's medical prescription for orthotics.

37. Defendants, UNKNOWN and UNNAMED OFFICIALS at the LOGAN CORRECTIONAL CENTER, were informed of Plaintiff BRIAN GILLESPIE's condition, yet failed to present him with his required orthopedic footwear or providing him with appropriate medical care.

38. Despite the seriousness of Plaintiff BRIAN GILLESPIE's condition, Defendants, UNKNOWN and UNNAMED OFFICIALS at the LOGAN CORRECTIONAL CENTER, exhibited deliberate indifference to Plaintiff BRIAN GILLESPIE's pain and suffering.

39. At all times herein, Plaintiff, BRIAN GILLESPIE, was protected by the Eighth Amendment and Fourteenth Amendment to the United States Constitution, and therefore protected from cruel and unusual punishment and equal protection and due process of the law.

40. The actions of Defendants, UNKNOWN and UNNAMED OFFICIALS at the LOGAN CORRECTIONAL CENTER, constitute a deliberate violation of Plaintiff BRIAN GILLESPIE's civil rights.

WHEREFORE, Plaintiff, BRIAN GILLESPIE, by and through his attorney, MARVIN GERSTEIN, demands trial by jury on Count V and respectfully prays for the following relief:

A. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendants, UNKNOWN and UNNAMED OFFICIALS at the LOGAN CORRECTIONAL CENTER, for compensatory damages in an amount determined by the jury that will fairly compensate the Plaintiff, BRIAN GILLESPIE, for the pain and suffering he endured while incarcerated, and also for the permanent damage he suffered as a result of said conduct.

B. Judgment in favor of Plaintiff, BRIAN GILLESPIE, and against Defendants, UNKNOWN and UNNAMED OFFICIALS at the LOGAN CORRECTIONAL CENTER, for punitive damages in an amount determined by the jury that will be sufficient to deter the recurrence of similar future conduct toward incarcerated persons.

C. For an award to Plaintiff, BRIAN GILLESPIE, of all costs incurred in prosecuting this action, including reasonable attorney's fees.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN.


DATED:     March 1, 2006            Respectfully submitted,


                                    BY:    s/Marvin Gerstein
                                           Marvin Gerstein Bar Number:  0942162
                                           Attorney for Plaintiff
                                           Marvin Gerstein Attorney at Law
                                           803 South Grove Street
                                           Urbana, Illinois  61801
                                           Telephone:  217/367-8734
                                           Email:  MiraG60@aol.com