IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRIAN GILLESPIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3048 |
| | ) | |
| JAMES G. COX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER VENUE**

NOW COMES the Defendant, JAMES G. COX, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby submits Defendant's Response to Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Motion to Transfer Venue. In support thereof, Defendant states as follows:

1. On May 25, 2006, Defendant filed Defendant's Response to Plaintiff's Motion to Transfer Venue. In said response, Defendant asserted that the current venue for the cause of action is proper for various factual reasons.

2. On May 31, 2006, Plaintiff filed Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Motion to Transfer Venue. In said motion, Plaintiff seeks to strike Defendant's response for failing to comply with Rule 7.1(B)(1) of the Rules of the United States District Court for the Central District of Illinois.

3. Rule 7.1(B)(1) provides:

<u>Every</u> motion raising a question of law (except summary judgment motions, which are governed by Subparagraph (D) of this Rule) shall be accompanied by a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the Rule under which the motion is filed.

4. Defendant asserts that compliance with Rule 7.1(B)(1) was unnecessary as the cited rule applies only to motions raising a question of law. Rule 7.1(B)(2) governs a party's response to a motion.

5. Rule 7.1.(B)(2) provides:

Any party opposing a motion filed pursuant to (B)(1) shall file a response to the motion, including a brief statement of the specific points or propositions of law and supporting authorities upon which the responding party relies.

6. However, assuming arguendo that the Court chooses to construe Plaintiff's motion as alleging Defendant's failure to comply with Rule 7.1(B)(2), Plaintiff's motion to strike need not be granted. Defendant's Response to Plaintiff's Motion to Transfer Venue did not contain any citations to authority as Defendant did not believe such citation was necessary. Defendant's response did not challenge the law cited by the Plaintiff in Plaintiff's Motion to Transfer Venue, but merely intended to provide the Court with the factual reasons supporting Defendant's belief that venue was proper.

WHEREFORE, for the above and foregoing reasons, the Defendant respectfully requests that this Honorable Court deny the Plaintiff's Motion to Strike Defendant's Response to Plaintiff Motion to Transfer Venue and grant such further relief the Court deems necessary and proper.

Respectfully submitted,

JAMES G. COX,

Defendant,

LISA MADIGAN, Attorney General
State of Illinois,

Attorney for Defendant,

By   s/ Jason P. Young
   Jason P. Young, #6279522
   Assistant Attorney General
   500 South Second Street
   Springfield, IL  62706
   Telephone:  (217) 785-4555
   Facsimile:  (217) 524-5091
   E-Mail:  jyoung@atg.state.il.us

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2006, I electronically filed Defendant's Response to Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Motion to Transfer Venue with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Marvin I. Gerstein
> MiraG60@aol.com

and I hereby certify that on June 14, 2006, I mailed by United States Postal Service, the document to the following non-registered participant:

> None.

Respectfully submitted,

 s/ Jason P. Young
Jason P. Young
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 785-4555
Facsimile:  (217) 524-5091
jyoung@atg.state.il.us
Attorney Bar #6279522