IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRIAN GILLESPIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06-3048 |
| | ) | |
| JAMES G. COX, in his Official and Individual Capacity, MAJOR ROSE, in his Official and Individual Capacity, and UNKNOWN and UNNAMED OFFICIALS at the LOGAN CORRECTIONAL CENTER, in their Official and Individual Capacity, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

The Court now considers Plaintiff Brian Gillespie's Motion to Transfer Venue and his Motion to Strike Defendant James G. Cox's Response to Plaintiff's Motion to Transfer Venue.

## FACTS

Plaintiff Brian Gillespie is a Champaign, Illinois resident. Gillespie

1

filed a 42 U.S.C. § 1983 action in the United States District Court for the Central District's Urbana Division alleging he was injured as a result of the Defendants's negligence.

Gillespie and the majority of his witnesses reside in Champaign, Illinois, and located in the Court's Urbana Division. However, the facts giving rise to Gillespie's claims occurred at the Logan Correctional Center, a penal institution located in Lincoln, Illinois. Lincoln is part of the Central District's Springfield Division.

Gillespie sued Defendants James G. Cox, Major Rose, and various unnamed officials at Logan Correctional Center. Neither Cox nor Rose reside in the Central District.

On March 3, 2006, U.S. District Judge Harold Baker *sua sponte* transferred this case to the Springfield Division because the Logan Correctional Center is located here. Gillespie objects to the transfer and moves to have the case transferred back to Urbana Division, alleging that Urbana is the appropriate venue.

The Defendants failed to timely respond to Gillespie's motion.

When Defendant Cox finally filed a response asking the Court to deny Gillespie's motion, the response cited no legal authority to support the requested denial. Thus, Gillespie moves the Court to strike Cox's response.

## ANALYSIS

This District Court has Local Rules governing the form and content of responses. Among other things, the rules require that:

> Any party opposing [a] motion shall file a response . . . [which includes] a brief statement of specific points or propositions of law and supporting authorities upon which the responding party relies . . .

See Local Rule 7.1(B)(1).

Defendant Cox's response opposed Gillespie's motion to transfer, contending that the facts of the case showed that the Springfield Division was an appropriate venue. Cox's response clearly contested a legal issue, but it failed to offer any legal support for his contention. Thus, Cox's response must be stricken because it does not comply with Local Rule 7.1(B)(1).

Striking Cox's response means that Gillespie's Motion to Transfer

is unopposed.  In any event, the merits show that Urbana is the appropriate venue for this case.

Under 28 U.S.C. § 1404(a), a "district court is to weigh, among other factors, the convenience of the witnesses and the parties, the costs of the transfer, the public interest involved and any special circumstances present in the case."  See F.T.C. v. MacArthur, 532 F.2d 1135, 1143 (7th Cir. 1976).  At the time Judge Baker *sua sponte* transferred this case, it appeared that Springfield was the proper venue.  After all, this is where Logan Correctional Center is located, the site of the alleged negligence.  However, Gillespie has since explained that only documentary evidence is located within the Springfield Division and the great majority of witnesses reside in Urbana.  Since Defendant Cox lives in Las Vegas, Nevada and Defendant Rose lives in Chicago, Illinois, they will have to travel regardless of venue.  Accordingly, the balance of factors shows that the Urbana Division is the appropriate venue.

Ergo, Plaintiff's Motion to Transfer Venue (d/e 15) and his Motion to Strike Defendant James G. Cox's Response to Plaintiff's Motion to

Transfer Venue (d/e 19) are both ALLOWED.  The clerk's office is directed to TRANSFER this case to the Urbana Division.  The case is to be REASSIGNED by Chief Judge McCuskey.

IT IS SO ORDERED.

ENTER:  June 19, 2006

FOR THE COURT:

                                                s/ Richard Mills
                                                United States District Judge